UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Ricky Bell,
    Plaintiff,
    v.                                                Case No. 07-cv-1288

Seth Osafo,
    Defendant.

## **OPINION**

This case is before the court for ruling on the unopposed Motion for Costs [84] filed by Defendant, Seth Osafo. This court has carefully considered Defendant's motion and following this careful and thorough consideration, Defendant's Motion [84] is GRANTED.

### Facts

Defendant filed a summary judgment motion [73] and plaintiff filed a response [76]. After thorough consideration, defendant's summary judgment motion was granted on August 18, 2010 and that same day Judgment [83] was entered in favor of Defendant. On September 3, 2010, Defendant filed his Motion for Costs [84] seeking $244.95 in costs. Defendant attached a form Bill of Costs itemizing the amounts sought along with documentation of the costs incurred. The documentation included the affidavit of Matthew A. Lurkins, one of Defendant's attorneys. In his affidavit, Lurkins stated that the amounts sought were paid and were necessarily incurred in the case.

### Discussion and Conclusion

Rule 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs–other than attorney's fees–should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). The Seventh Circuit has stated that there is, therefore, a presumption that the prevailing party will recover costs. See Beamon v. Marshall & Ilsley Tr. Co., 411 F.3d 854, 864 (7th Cir. 2005). "District courts have broad discretion in determining whether and to what extent prevailing parties may be awarded costs." Weeks v. Samsung Heavy Indus. Co., Ltd., 126 F.3d 926, 945 (7th Cir. 1997). However, the presumption in favor of awarding costs is difficult to overcome, and the court must award costs unless the losing party establishes a sufficient reason to deny costs. Weeks, 126 F.3d at 945; Dunn v. Rice, 2007 WL 924027, at *1 (C.D. Ill. 2007). Generally, a court may deny costs for two reasons: 1) because the losing party is unable to pay; and 2) because the prevailing party engaged in misconduct. Dunn, 2007 WL 924027, at *1, citing Weeks, 126 F.3d at 945.

However, in taxing costs, this court must consider whether the costs requested are recoverable and whether the costs requested are both reasonable and necessary. See Cengr v. Fusibond Piping Sys., Inc., 135 F.3d 445, 454 (7th Cir. 1998). Allowable costs in most cases are limited to the categories listed in 28 U.S.C. § 1920. See Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441-42 (1987); Republic Tobacco Co. v. N. Atl. Trading Co., 481 F.3d 442,

447 (7th Cir. 2007). "Costs should generally be accepted so long as they fall into one of the categories of costs statutorily authorized for reimbursement." Horizon Hobby, Inc. v. Ripmax Ltd., 2009 WL 3381163, at *3 (C.D. Ill. 2009).

In this case, this court concludes that the costs sought fall within the categories of costs statutorily authorized for reimbursement and also concludes that Defendant has adequately shown that costs requested were both reasonable and necessary for the litigation. Further, the court notes that Plaintiff has not challenged the costs requested.

IT IS THEREFORE ORDERED THAT:
1. Defendant's Motion for Costs [84] is GRANTED.
2. Defendant is awarded costs in the total amount of $244.95.
3. Further, Plaintiff may not bring another lawsuit against Defendant Osafo if Plaintiff has not paid the costs of $244.95 to Osafo.

ENTERED this 22nd day of October, 2010.

\s\Harold A. Baker

HAROLD A. BAKER
U.S. DISTRICT JUDGE